IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **SCOTT BROWN**, on behalf of himself and the class defined herein, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16 C 7534 |
| **AUTOVEST LLC**, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This putative class action (or, as will be explained, perhaps "these putative class actions") has (or perhaps have) been brought by one of this judicial district's most active firms in consumer litigation, acting on behalf of named plaintiff and proposed class representative Scott Brown ("Brown") against Autovest LLC ("Autovest") and Dynamic Recovery Solutions, LLC ("Dynamic"). Brown's Complaint charges each defendant with violations of the Fair Debt Collection Practices Act (the "Act"). This memorandum order is issued sua sponte because of a perceived possible flaw in the Complaint.[1]

Complaint ¶¶ 7 through 11 identify Autovest as a "debt collector" as defined in the Act, and in that respect Complaint ¶ 9 alleges that it "regularly uses the mails and telephones to collect debts," while Complaint ¶ 10 alleges that it "has filed numerous lawsuits in Illinois seeking to collect consumer debts." As for Dynamic, its "debt collector" status is addressed in

---

[1] As always in addressing the sufficiency of a complaint (whether on a Fed. R. Civ. P. 12(b)(6) motion or otherwise), this memorandum order accepts the Complaint's well-pleaded allegations without staking out a position as to their ultimate merits.

Complaint ¶¶ 12 through 14, with Complaint ¶ 13 alleging that it "is engaged in the business of collecting charged-off consumer debts, including auto retail installment contract debts."

But all of that said (and accepted for present purposes), what Brown's counsel glosses over as to Autovest is that the only debt collection communicated to Brown that has triggered his resort to the Act is Complaint Ex. A sent by Dynamic, which communication identifies the original creditor on Brown's now time-barred indebtedness as Wells Fargo Financial and identifies Autovest as the "current owner" of that debt. In 42 U.S.C. § 1983("Section 1983") jurisprudence, the fact that a policeman (say) is a "state actor" when engaged in his or her duties in that position does not tar any misdeed by the policeman that is committed outside of his or her official actions in terms that support the invocation of Section 1983. Although the analogy is of course scarcely a parallel one, the situation here is conceptually similar -- that is, any potential for Autovest's liability under the Act, if it exists, is of a different stripe than that of Dynamic, which concededly acted as a "debt collector" in transmitting the Ex. A communication. As for Autovest, by contrast, the fact that it may in other instances engage in the activities described in Complaint ¶¶ 9 and 10 is really irrelevant to its potential liability for having referred Brown's time-barred indebtedness to debt collector Dynamic.

What this comes down to is that Brown's counsel has sought to link two different kinds of asserted Act-violative conduct in this single lawsuit, rather than filing separate actions against Autovest and Dynamic. If the latter course of action were to be undertaken, although the two cases would not qualify for reassignment on grounds of relatedness under this District Court's LR 40.4, they would be capable of joint discovery and other common treatment (normally under the supervision of the judge with the lower-numbered case) to minimize duplicative lawyer activity -- a common arrangement in this District Court in comparable circumstances.

This Court is not, however, taking any sua sponte action as to the possible splitting of this action at this time.  Instead it is contemporaneously issuing its conventional initial scheduling order in this case, but it also sets a brief status hearing at 8:45 a.m. August 5, 2016, at which time Brown's counsel will be expected to air his or her view on the subject broached here.

                                                                                              _____
                                                                                              Milton I. Shadur
                                                                                              Senior United States District Judge

Date:  July 28, 2016